IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-01563-MSK

UNITED STATES OF AMERICA

　　　　　Plaintiff,

v.

ENSTAR LLC

　　　　　Defendant.

## CONSENT DECREE

## TABLE OF CONTENTS

Page

I. BACKGROUND ........................................................................................................... -1-

II. JURISDICTION ............................................................................................................ -1-

III. PARTIES BOUND ....................................................................................................... -2-

IV. DEFINITIONS ............................................................................................................. -2-

V. PAYMENT OF RESPONSE COSTS BY DEFENDANT ............................................. -4-

VI. FAILURE TO COMPLY WITH CONSENT DECREE ............................................... -5-

VII. COVENANTS NOT TO SUE BY THE UNITED STATES ........................................ -6-

VIII. RESERVATION OF RIGHTS BY THE UNITED STATES ....................................... -7-

IX. COVENANT NOT TO SUE BY DEFENDANT .......................................................... -7-

X. EFFECT OF SETTLEMENT; CONTRIBUTION OF PROTECTION ........................ -8-

XI. ACCESS TO INFORMATION .................................................................................... -9-

XII. RETENTION OF RECORDS ...................................................................................... -10-

XIII. NOTICE AND SUBMISSIONS .................................................................................. -11-

XIV. EFFECTIVE DATE ..................................................................................................... -13-

XV. RETENTION OF JURISDICTION ............................................................................. -13-

XVI. INTEGRATION/APPENDICES .................................................................................. -13-

XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................................. -14-

XVIII. SIGNATORIES/SERVICE ......................................................................................... -14-

XIX. FINAL JUDGMENT ................................................................................................... -15-

## I. BACKGROUND

A. Plaintiff, the United States of America ("United States"), on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), filed a complaint pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, against Defendant Enstar LLC ("Defendant") seeking reimbursement of response costs incurred or to be incurred by the Forest Service for response actions taken at or in connection with releases or threatened releases of hazardous substances at the Butterfly and Burrell Mine Site. The Site is located on lands under the jurisdiction, custody and control of the Forest Service within the established boundaries of the White River National Forest in the State of Colorado.

B. On September 6, 2011, following completion of the EE/CA, the Forest Service issued a Removal Action Approval Memorandum for a Non-Time Critical Removal Action at the Site.

C. Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint. The Forest Service does not admit any liability to Defendant arising out of the transactions or occurrences that could be alleged in any counterclaim in this action.

D. The United States and Defendant agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid further prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 6973(a), 9606, 9607, and 9613(b). This Court also has personal jurisdiction over Defendant. Venue is proper in this District pursuant to 42 U.S.C.

08/06/2012 13:30 FAX                                                                  @003/035
Case 1:12-cv-01563-MSK-KLM   Document 17   Filed 08/14/12   USDC Colorado   Page 4 of 20
Case 1:12-cv-01563-MSK-KLM   Document 4-1   Filed 06/18/12   USDC Colorado   Page 4 of 34

§ 9613(b) and 28 U.S.C. § 1391(b) and (c). Solely for the purposes of this Consent Decree and the underlying complaint, Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Defendant consents to and shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III.  PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States and Defendant and its respective successors and assigns. Any change in organization or status of Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter Defendant's responsibilities under this Consent Decree.

### IV.  DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

   a. "Action Memorandum" shall mean the Action Memorandum for the Site dated September 6, 2011, all future modifications or amendments thereto, and all documents prepared to implement the Action Memorandum attached as Appendix B.

   b. "Butterfly and Burrell Mine Site Special Account" shall mean the account established by the Forest Service, pursuant to 16 U.S.C. § 579c, for the retention and use of amounts recovered in connection with the Site to conduct or finance response actions at the Site.

   c. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, et seq.

   d. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto.

2

e. "Day" shall mean calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f. "Defendant" shall mean Enstar LLC, a Delaware limited liability company.

g. "Effective Date" shall have the definition provided in Section XIV.

h. "Forest Service" shall mean the United States Department of Agriculture, Forest Service, and any successor departments, agencies or instrumentalities.

i. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Defendant.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Site" shall mean the Butterfly and Burrell Mines Site located in the White River National Forest, approximately fourteen miles from the Town of Meeker, Colorado. The Site includes all mine workings, surface and underground, waste dumps and other disturbed areas at both the Butterfly and Burrell Mines. The Site is located in Sections 25 and 26, Township 2 North, Range 92 West of the Sixth Principal Meridian in Rio Blanco County, Colorado. The entire Site is on lands under the jurisdiction, custody, and control of the Forest Service. A map showing the general location of mine features within the Site is attached as Appendix A.

n. "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities, which includes without limitation the Forest Service.

3

o. "U.S. Future Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States incurs after the Effective Date in developing or reviewing plans, reports, and other deliverables pursuant to the Action Memorandum, in implementing or overseeing the Work, or in negotiating, implementing or overseeing, this Consent Decree, including, but not limited to, payroll costs, contractor costs, travel costs, and laboratory costs.

p. "U.S. Past Response Costs" shall mean all costs, not previously reimbursed by Defendant, including, but not limited to, direct and indirect costs, that the United States incurs or pays at or in connection with the Site through the Effective Date, plus Interest on all such costs which has accrued pursuant to 42 U.S.C. § 9607(a) through such date.

q. "Work" shall mean all Site activities performed prior to the Effective Date and to be performed to implement the Action Memorandum, attached hereto as Appendix B.

## V.   PAYMENT OF RESPONSE COSTS BY DEFENDANT

4. Within 45 days of the Effective Date of this Consent Decree, Defendant shall pay $2,475,000 to the Forest Service in reimbursement of U.S. Future Response Costs and U.S. Past Response Costs incurred or to be incurred by the United States at the Site. This settlement payment shall be deposited in the Butterfly and Burrell Mine Site Special Account to be retained and used at or in connection with the Site.

5. Within 45 days of the Effective Date of this Consent Decree, Defendant shall pay $11,440 to the USDA Office of the General Counsel in reimbursement of response costs incurred or to be incurred by the United States for enforcement activities at the Site. This settlement payment shall be deposited in the Hazardous Materials Management Account at the USDA National Finance Center.

6. All payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Site name, DOJ case number 90-11-3-10348, Agency Locator Code AGFS, and the civil action number. Payment shall be made in accordance with instructions to be provided by the Financial

08/06/2012 13:30 FAX                                                                         ⌀008/035
Case 1:12-cv-01563-MSK-KLM   Document 17   Filed 08/14/12   USDC Colorado   Page 7 of 20
Case 1:12-cv-01563-MSK-KLM   Document 4-1   Filed 06/18/12   USDC Colorado   Page 7 of 34

Litigation Unit of the United States Attorney's Office for the District of Colorado following lodging of the Consent Decree. Any EFTs received at the U.S. DOJ lockbox bank after 11:00 a.m. (Eastern Time) will be credited on the next business day. If Defendant fails to make its payment under this Section within 45 days of the Effective Date of this Consent Decree, then Defendant shall pay Interest on the unpaid balance, commencing on the date that payment is due and accruing through the date of payment. At the time of payment, Defendant shall provide notice of such payment to the United States as provided for in Section XIII (Notices and Submissions) of this Consent Decree. Such notice shall reference the Site name, DOJ case number 90-11-3-10348, Agency Locator Code AGFS, and the civil action number.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

7. **Stipulated Penalties**.

   a. In addition to the Interest required by this Section, if Defendant fails to make its required payment when due, then Defendant also shall pay stipulated penalties to the United States of $1,000 per day for each day that its payment is late. Stipulated penalties are due and payable to the United States Treasury within 45 days of the date of the demand for payment of the penalties by the United States.

   b. Defendant shall pay stipulated penalties owing to the United States in the same manner set forth in Paragraph 6 above, and with the confirmation notice required for the payment of U.S. Past and Future Response Costs, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state the violation for which the penalties are being paid.

   c. Penalties shall accrue as provided in this Paragraph regardless of whether the Forest Service has notified Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

5

U.S. v. ENSTAR LLC
CASE NO.                                                                                   CONSENT DECREE

8. If the United States brings an action to enforce this Consent Decree against Defendant and prevails, Defendant shall reimburse the United States for all costs of such action, including, but not limited to, costs of attorney time.

9. Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States against Defendant by virtue of Defendant's failure to comply with the requirements of this Consent Decree.

10. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued to the United States pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Defendant from its payment obligation pursuant to Paragraph 4 and 5, or from performance of any other requirements of this Consent Decree applicable to Defendant.

11. <u>Interest on Late Payments</u>. If Defendant fails to make any payment under Section V (Payment of Response Costs by Defendant) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

VII. <u>COVENANTS NOT TO SUE BY THE UNITED STATES</u>

12. In consideration of the payments that will be made by Defendant under the terms of this Consent Decree, and except as otherwise specifically provided in Section VIII (Reservations of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendant pursuant to Sections 106, 107 and 113(f) (to the extent the United States has any claims against Defendant under Section 113(f) of CERCLA) of CERCLA, 42 U.S.C. §§ 9606, 9607, and 9613(f), for the Work and for recovery of U.S. Past Response Costs and U.S. Future Response Costs. This covenant not to sue shall take effect upon the receipt by the Forest Service of the payments required by Section V (Payment of Response Costs by Defendant) and any Interest or stipulated penalties due thereon under Paragraph 11 (Interest on Late Payments) or Paragraph 7 (Stipulated Penalties). This covenant not to sue is conditioned upon satisfactory performance by Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Defendant, including its members, its successors and assigns, and does not extend to any other person.

6

Case 1:12-cv-01563-MSK-KLM Document 17 Filed 08/14/12 USDC Colorado Page 9 of 20
08/06/2012 13:31 FAX
Case 1:12-cv-01563-MSK-KLM Document 4-1 Filed 06/18/12 USDC Colorado Page 9 of 34

## VIII. RESERVATION OF RIGHTS BY THE UNITED STATES

13. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in the preceding Paragraph. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Defendant, and this Consent Decree is without prejudice to, all rights with respect to:

    a. liability for failure of Defendant to meet a requirement of this Consent Decree;

    b. liability for costs incurred or to be incurred by the United States, at or in connection with the Site, that are not within the definition of U.S. Past Response Costs or U.S. Future Response Costs;

    c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606 other than for "matters addressed" under this Consent Decree;

    d. criminal liability; and

    e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

14. Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions (as those terms are defined in CERCLA), at or in connection with the Site, as authorized by law.

## IX. COVENANT NOT TO SUE BY DEFENDANT

15. Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the U.S. Past Response Costs, U.S. Future Response Costs, or the Work, including, but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) based on CERCLA Sections 106(b)(2), 107, 111, 112, or 113, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

  b. any claims arising out of response actions at or in connection with the Work, including any claims under the United States Constitution, the Colorado Constitution, the Tucker Act, 42 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

  c. any claims against the United States under CERCLA Sections 107 or 113 relating to the Work.

 16. These covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 13.b, c, or e, but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claim of the United States against Defendant.

 17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

  X. **EFFECT OF SETTLEMENT: CONTRIBUTION PROTECTION**

 18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of either Party, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2). The Parties intend that neither this Decree nor its contents shall constitute evidence in any proceeding of any liability or obligation whatsoever of Defendant, except that it may be used by the United States or Defendant in any action brought to enforce or interpret this Decree and the rights and obligations of the Parties hereunder.

19. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and that Defendant is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as may otherwise be provided by law, for "matters addressed" in this Consent Decree. For purposes of this Paragraph, "matters addressed" shall mean (a) the Work; (b) U.S. Past Response Costs; and (c) U.S. Future Response Costs.

20. Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

21. Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the United States in writing within 10 days of service of the complaint on them. In addition, Defendant shall notify the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VII (Covenants Not To Sue By the United States).

## XI. ACCESS TO INFORMATION

23. Defendant shall provide to the Forest Service, upon request, copies of all non-privileged and non-confidential documents and information within its possession or control or that of its contractors or agents relating to the Site, including, but not limited to, sampling,

9

U.S. v. ENSTAR LLC
CASE NO.                                              CONSENT DECREE

analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

24. With regard to confidential business information and privileged documents:

a. Defendant may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with applicable law, including but not limited to Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by the Forest Service will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to the Forest Service, or if the Forest Service has notified Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Defendant.

b. Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege in lieu of providing documents, it shall provide the United States with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.

c. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other similar documents or information evidencing conditions at or around the Site.

## XII. RETENTION OF RECORDS

25. The Forest Service shall notify Defendant it has completed the Work within 120 days of completing the Work. Until 5 years after Defendant's receipt of the Forest Service's

10

U.S. v. ENSTAR LLC
CASE NO.                                                              CONSENT DECREE

notification that it has completed the Work, Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or liability of any person for response actions conducted and to be conducted at the Site, regardless of any retention policy to the contrary.

26. At the conclusion of this document retention period, Defendant shall notify the United States at least 90 days prior to the destruction of any such records or documents, and, upon request by the Forest Service, Defendant shall deliver any such records or documents to the Forest Service. Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant. However, no document, report or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that it is privileged.

27. Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site, and that it has fully complied with any and all Forest Service requests for information pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

### XIII. NOTICES AND SUBMISSIONS

28. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions

11

shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the Forest Service, and Defendant, respectively.

As to the United States:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Re: DJ # 90-11-3-07803/1

– and –

As to the Forest Service:
Brian Lloyd
Regional Environmental Engineer
Rocky Mountain Region, Region 2
740 Simms Street
Golden, Colorado 80401
Office (303) 275-5457
Fax (303) 275-5401
balloyd@fs.fed.us

Olivia Garcia
On-Scene Coordinator
White River National Forest
900 Grand Avenue
Glenwood Springs, Colorado 81601- 3602
Office (970) 945-3220
Fax (970) 945-9029
ogarcia@fs.fed.us

Ron McClain
USDA Office of the General Counsel
Room 3351 South Building
1400 Independence Ave., SW
Washington, D.C. 20250-1412
Office (202) 720-4500
Fax (202) 720-0973
Ronald.mcclain@usda.gov

Case 1:12-cv-01563-MSK-KLM Document 17 Filed 08/14/12 USDC Colorado Page 15 of 20
08/06/2012 13:32 FAX                                                                             ☒006/035
Case 1:12-cv-01563-MSK-KLM Document 4-1 Filed 06/18/12 USDC Colorado Page 15 of 34

As to Defendant:
James L. Lucari, Esq.
Managing Counsel, BP legal
BP America, Inc.
150 W. Warrenville Road
Mail Code 200-1W
Naperville, IL 60563
Office (630) 420-5204
Fax (630) 821-3406
James.Lucari@bp.com

William J. Duffy, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, Colorado 80202
Office (303) 892-7273
Fax (303) 893-1379
William.Duffy@dgslaw.com

Cord Harris
Strategy Manager - Remediation Management
BP America
4 Centerpointe Drive
La Palma, California 90623
Office (714) 670-3903
Cord.Harris@bp.com

## XIV. EFFECTIVE DATE

29. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

## XV. RETENTION OF JURISDICTION

30. The Court shall retain jurisdiction over this case for the purpose of resolving disputes arising under this Consent Decree or entering orders modifying this Decree, or effectuating or enforcing compliance with the terms of this Decree.

## XVI. INTEGRATION/APPENDICES

31. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. A map of the Site is attached to this Consent Decree as Appendix A and incorporated into this Consent Decree. The Action Memorandum is attached to this Consent Decree as Appendix B and incorporated into this Consent Decree.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Defendant consents to the entry of this Consent Decree without further notice.

33. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

34. Upon entry of this Consent Decree, the Forest Service shall withdraw the Unilateral Administrative Order issued to Enstar LLC on December 23, 2011, and said Order shall have no legal effect.

## XVIII. SIGNATORIES/SERVICE

35. The undersigned representatives of Defendant and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice, or their delegates certify that each is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

14

U.S. v. ENSTAR LLC
CASE NO.                                                                           CONSENT DECREE

36. Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Defendant in writing that it no longer supports entry of the Consent Decree.

37. Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

### XIX. FINAL JUDGMENT

38. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 13th DAY OF August, 2012

Marcia S. Krieger
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Enstar LLC.

FOR THE UNITED STATES OF AMERICA

Dated: 6/8/12

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Dated: 6/10/12

CARA MROCZEK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice
601 D. Street, NW
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 514-1447
Fax: (202) 616-6583
Email: Cara.Mroczek@usdoj.gov

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Enstar LLC.

Dated: 5/14/2012                    */s/ Susan Fenchel*

                                    *for* DANIEL J. JIRON
                                    Regional Forester
                                    Rocky Mountain Region
                                    Forest Service
                                    740 Simms Street
                                    Golden, Colorado  80401

17

U.S. v. ENSTAR LLC
CASE NO.                                                            CONSENT DECREE

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Enstar LLC.

FOR ENSTAR LLC

Dated: 4/25/2012

PATRICK L. KING
Vice President
Enstar LLC
Helios Plaza 6.391A
201 Helios Way
Houston, Texas 77079
United States

Dated: 4-25-12

JAMES L. LUCARI, ESQ.
Managing Counsel, BP legal
BP America, Inc.
150 W. Warrenville Road
Mail Code 200-1W
Naperville, IL 60563
James.Lucari@bp.com

Dated: 4/26/2012

WILLIAM J. DUFFY, ESQ.
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, Colorado 80202
William.Duffy@dgslaw.com

U.S. v. ENSTAR LLC
CASE NO.                                                     CONSENT DECREE